UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.J. McELROY, aka Latwhan McElroy, aka Jabbari McElroy, aka Jarbor McElroy, CDCR #P-71922,<br><br>Plaintiff,<br><br>vs.<br><br>RN/DA DOES & Supervisors, et al.,<br><br>Defendants. | Case No.: 3:17-cv-01593-DMS-WVG<br><br>**ORDER**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 4]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

E.J. McELROY, aka Lathan McElroy, Jabbarri McElroy, and Jarbor McElroy ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff, who claims to require mobility modifications and rehabilitative services related to his "back issues," contends a host of unidentified RJD "Medical Administrators," "Supervisors," "Release & Receiving" ("R&R") officials, and prison

librarians have, since his transfer there on or about July 28, 2017, violated his rights to due process, equal protection, access to the court, and to be free from cruel and unusual punishment. Specifically, Plaintiff claims Defendants failed to promptly process 7 or 8 boxes or bags of his legal property and "medical hygienic items," failed to provide him with a sufficient "intake kit" and instructions for using the law library, failed to assign him to a "medical cell" that would guarantee him a "personal means of storage," and failed to provide "medicinal[ly] therapeutic meals." Plaintiff further alleges Defendants have denied his access to "enhanced privilege programs," including the use of microwaves for popcorn, "compatible" television sets," "crush[ed]/bag ice throughout the day" when temperatures reach over 88º F, and a "personal resistance band" for his use outside RJD's "therapeutic center." *See* ECF No. 3 at 1-18.

Plaintiff did not pay the civil filing fee required to commence a civil action when he filed suit; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 4).

**I.     Motion to Proceed IFP**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes'

provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

**II.  Discussion**

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint, and has ascertained that it does not contain any "plausible allegations" to suggest he "faced

3

'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as noted above, Plaintiff seeks to sue various unnamed RJD prison officials as a group for allegedly failing to quickly or sufficiently provide him access to the amenities and rehabilitative programs he claims his limited mobility requires for the 2-week period immediately following his transfer there on or about July 28, 2017. While Plaintiff is dissatisfied with the speed at which he has been processed, classified, and accommodated at RJD, none of his allegations plausibly suggest he faced any "imminent danger of serious physical injury" at the time of filing. *See* 28 U.S.C. § 1915(g); *Ellington v. Clark*, No. 1:09-CV-02141-AWI, 2011 WL 3500970, at *5 (E.D. Cal. Aug. 8, 2011) (finding prisoner's pre-existing medical conditions and his claimed denial of ambulatory devices did not "rise to the level of imminent danger"); *report and recommendation adopted*, No. 1:09-CV-02141-AWI, 2011 WL 6780910 (E.D. Cal. Dec. 27, 2011); *Byrd v. Dir. of Corr.*, No. 3:15-CV-2339-GPC-KSC, 2016 WL 773229, at *2 (S.D. Cal. Feb. 29, 2016) (finding prisoner's allegations of having been denied access to court and discriminated against based on race and religion insufficient to invoke § 1915(g)'s imminent danger exception); *Weaver v. Mailroom Staff*, No. 1:06-CV-01439-AWI-LJO-P, 2006 WL 3028411, at *1 (E.D. Cal. Oct. 24, 2006) (finding prisoner's allegations that mailroom staff refused to pick up mail insufficient to satisfy § 1915(g)'s imminent danger exception).

And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system,

if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Therefore, this Court takes judicial notice that Plaintiff, E.J. McElroy, also known as Latwahn McElroy, Jabbari McElroy, and/or Jarbor McElroy, and identified as CDCR Inmate #P-71922, has had at least five prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *McElroy v. Gebbmedin, et al.*, Civil Case No. 1:08-cv-00124-LJO-GSA (E.D. Cal. Sept. 2, 2008) (Order dismissing complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) with leave to amend) (ECF No. 9); (E.D. Cal. Nov. 4, 2008) (Findings and Recommendations ["F&R's")] to Dismiss Civil Action for Failure to State a Claim) (ECF No. 10); (E.D. Cal. Dec. 11, 2008) (Order Adopting F&Rs and Dismissing Civil Action with Prejudice for Failure to State a Claim) (ECF No. 11)[1] (strike one);

2) *McElroy v. Schultz, et al.*, Civil Case No. 1:08-cv-00179-OWW-MJS (E.D. Cal. Feb. 25, 2010) (Order Dismissing First Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(ii) and § 1915A(b)(1), (2) with leave to amend) (ECF No. 21); (E.D. Cal. March 31, 2010) (F&Rs to Dismiss Civil Action for Failure to State a Claim) (ECF No. 22); (E.D. Cal. April 30, 2010) (Order re F&Rs and dismissing civil action for failure to state a claim upon which

---

[1] "[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." *Harris v. Mangum*, 863 F.3d 1131, 1143 (9th Cir. 2017).

relief can be granted) (ECF No. 24) (strike two);

      3)    *McElroy v. Cal. Dept. of Corr., et al.*, Civil Case No. 2:08-cv-00733-HWG (E.D. Cal. April 16, 2009) (Order dismissing complaint for failing to state a claim and with leave to amend pursuant to 28 U.S.C. § 1915A(b)(1)) (ECF No. 10); (June 3, 2009) (Minute Order dismissing civil action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and §1915A(b)(1)) (ECF No. 11) (strike three);

      4)    *McElroy v. Institutional Head Ground, et al.,* Civil Case No. 1:13-cv-00483-MJS (E.D. Cal. Nov. 1, 2013) (Order dismissing civil action for "failure to state any claim under § 1983" pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), (2)) (ECF No. 21) (strike four); and

      5)    *McElroy v. CDC, et al.,* Civil case No. 2:15-cv-02271-KJM-EFB (E.D. Cal. Feb. 6, 2017) (Order dismissing complaint for failing to "state a cognizable claim for relief" pursuant to 28 U.S.C. § 1915A) (ECF No. 12); (E.D. Cal. April 3, 2017) (F&Rs to dismiss for failure to amend) (ECF No. 19); (June 21, 2017) (Order adopting F&Rs and dismissing civil action) (ECF No. 20) (strike five).[2]

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he

---

[2] Plaintiff has also been barred from proceeding IFP pursuant to 28 U.S.C. § 1915(g) in the Eastern District of California, *see McElroy v. Asad, et al.,* Civil Case No. 2:15-cv-00904-JAM-EFB (Sept. 24, 2015) (Order denying IFP pursuant to 28 U.S.C. § 1915(g)) (ECF No. 12); *McElroy v. CDCR, et al.*, Civil Case No. 2:17-cv-00485-WBS-CKD (April 27, 2017) (Order denying IFP as barred by 28 U.S.C. § 1915(g), and had his IFP status revoked in the Northern District as well. *See McElroy v. Ikegbu, et al.,* Civil Case No. 5:15-cv-01599-EJD (N.D. Cal. Feb. 22, 2016) (Order granting Defendants' Motion to Revoke Plaintiff's IFP Status pursuant to 28 U.S.C. § 1915(g)) (ECF No. 33); *McElroy v. Muniz, et al.*, Civil case No. 5:15-cv-00042-EJB (N.D. Cal. May 26, 2016) (Order granting Defendants' Motion to Revoke Plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g)) (ECF No. 118).

faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III. Conclusion and Order

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP [ECF No. 4] as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: October 31, 2017

Hon. Dana M. Sabraw
United States District Judge